IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

**GLENN HARALSON, an individual**

    Plaintiff,

vs.                                                        Case No.: CV-19-264

**THE UNITED STATES OF AMERICA/
FEDERAL AVIATION ADMINISTRATION,**

    Defendant.

## COMPLAINT

1.    Plaintiff Glenn Haralson, brings this complaint against the United States of America pursuant to the Federal Tort Claims Act ("F.T.C.A.") 28 U.S.C. § 1346(b).

2.    Plaintiff has exhausted his claims by filing the required form with the defendant. Said was claim filed on November 23, 2018 and after six (6) months there has been no denial or acceptance. Therefore, this action is proper under 28 U.S.C. §2401(b).

## INTRODUCTION

3.    This action seeks damages for injuries to Glenn Haralson, who while a passenger in an elevator in a tower at Brookley Field in Mobile, Alabama, was injured when he entered the elevator on the ninth floor and pushed the button to go to the first floor. The elevator then stopped on the third floor and was stopped there for approximately one hour. An FAA employee came to reset the elevator, and by doing so, the elevator was put into freefall from the third floor to the first floor, thus injuring Glenn Haralson.

4.    Mr. Haralson makes a claim against the employees and agents of the United States by way of the Federal Aviation Authority and makes various claims under negligence theories and they would be liable to the plaintiff under Alabama Law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this claim against the United States for money damages pursuant to 28 U.S.C. §1346(b)(1).

6. The acts or omissions giving rise to this claim occurred in the Southern District of Alabama. Therefore, venue is proper under 28 U.S.C. §1402(b).

## PARTIES

7. Plaintiff, Glenn Haralson is an adult resident of Mobile, Mobile County, Alabama.

8. Defendant United States of America is sued for Mr. Haralson's personal injuries caused by the negligence or omissions of its employees. These employees were acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the laws of the State of Alabama. See 28 U.S.C. §1346(b).

## ALLEGATIONS

9. The plaintiff was at the Federal Aviation air traffic control tower located at 2590 Airbus Way, Mobile, Alabama 36615 when he entered an elevator on the ninth floor, pushed the first floor button, got stuck around the third floor for about an hour. A government FAA employee came to reset the elevator and the elevator then went into freefall from the third floor to the first floor, causing injuries or damages to Mr. Haralson.

10. Following the incident, Mr. Haralson was treated at Mobile Infirmary's emergency room and has been diagnosed with having lumbar disc problems as well as neck problems, left shoulder problems and nerve issues and has had to be treated by orthopaedic surgeons as well as neurosurgeons.

## CAUSES OF ACTION
### Negligence

11.     Plaintiff incorporates by reference the allegations of all preceding paragraphs as stated fully herein.

12.     Alabama law imposes a duty of care based upon negligence.

13.     The acts and omissions herein alleged constitute breaches of that duty of care with respect to Mr. Haralson by federal employees who were acting in their office or employment.

14.     The employees' breach of their duty of care was a direct and proximate cause and substantial factor in Mr. Haralson's pain, suffering and injuries.

15.     As a further direct and proximate result of the conduct, Mr. Haralson has incurred expenses for personal injury and loss of income.

16.     The acts or omissions by federal employees described herein constitute the tort of negligence under the laws of the State of Alabama.

17.     Under the Federal Tort Claims Act, defendant, the United States of America, is liable for these actions or omissions.

### Negligent Failure to Maintain the Premises

18.     Plaintiff incorporates by reference the allegations of all preceding paragraphs as stated fully herein.

19.     Plaintiff further alleges that the government's acts or omissions failed to maintain the premises at a reasonably safe condition for a person such as the plaintiff.  As such, the proximate cause of this failure was the elevator to fall causing injuries and damages to the plaintiff.

20. Thus, the plaintiff hereby requests damages against the defendant, the United States of America due to their liability for these actions or omissions under the Federal Tort Claims Act.

### Negligent Failure to Warn

21. Plaintiff hereby incorporates all prior paragraphs of this complaint as stated fully herein.

22. The plaintiff states that the actions or omissions of the government's employee or the FAA in failing to warn the public such as the plaintiff of the unsafe condition of the elevator was a proximate cause of the plaintiff's injuries or damages.

23. Under the Federal Tort Claims Act, defendant, the United States of America is liable for these actions or omissions. These actions or omissions by the federal employee as so described constitute the tort of negligent failure to warn under the laws of the State of Alabama.

### Negligent Failure to Train and/or Supervise Agents, Servants and Employees

24. Plaintiff hereby incorporates all prior paragraphs of the complaint as if fully stated herein.

25. The plaintiff would state that the actions stated above show that the defendant, FAA or the United States of America, failed to properly train and/or supervise their agents, servants or employees regarding safeguarding the public such as the plaintiff from the unsafe conditions of the elevator on their premises.

26. Such actions or omissions by federal employees described herein constitutes the tort of negligent failure to properly train and/or supervise under the laws of the State of Alabama.

27. Under the Federal Tort Claims Act, defendant United States of America is liable for these actions or omissions.

### **Negligent Failure to Timely Remedy the Unsafe Condition**

28. Plaintiff hereby incorporates all prior paragraphs of the complaint as if fully stated therein.

29. Based upon the actions of the federal employees described herein, their actions or omissions by the federal employees as to failure to timely remedy the unsafe condition with the elevator and thus allowing the elevator to cause injury or damages to the plaintiff.

30. Such actions or omissions by federal employees described herein constitute the tort of negligent failure to timely remedy under the law of the State of Alabama.

31. Under the Federal Tort Claims Act, defendant, the United States of America is liable for these actions or omissions.

### **Negligence/Premises Liability**

32. Plaintiff hereby incorporates by reference the allegations of all prior paragraphs of this complaint as if fully stated herein.

33. The law of Alabama allows that a premises owner must keep the premises in a reasonably safe condition and warn of any defect or danger that is hidden to persons such as the plaintiff.

34. Based upon the actions or inactions of the federal employees described herein, their actions constitute the tort of negligence/premises liability under the laws of the State of Alabama.

35. Under the Federal Tort Claims Act, defendant, the United States of America, is liable for these actions or omissions.

### **PRAYER FOR RELIEF**

36. Plaintiff therefore respectfully requests judgement against the defendant for:

a. Compensatory damages for pain and suffering of Mr. Haralson that resulted from the negligence of the defendant's employees and agents;

b. Compensatory damages for medical expenses and other costs pertaining to Mr. Haralson's injuries and treatment; and

c. Compensatory damages for lost income and other costs pertaining to Mr. Haralson's injuries that caused him to be unable to work;

d. Such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ T. Randall Lyons
T. Randall Lyons
David J. Maloney
MALONEY-LYONS, LLC
Attorneys for Plaintiff
601 Government Street
Mobile, Alabama  36602
(251) 433-4440
(251) 433-5636 (fax)
rlyons@maloneylyons.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 5th day of June, 2019, electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ T. Randall Lyons
T. Randall Lyons