IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **GLENN HARALSON,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**UNITED STATES OF AMERICA,** *et al.*, )<br>)<br>**Defendant.** ) | **CIVIL ACTION NO. 19-00264-KD-MU** |

**ORDER**

This action is before the Court on Defendant KONE, Inc.'s Motion to Dismiss, or in the Alternative, Motion to Clarify the Court's February 12, 2021 Order (doc. 114), Defendant United States' Response (doc. 116), Plaintiff Glenn Haralson's Response (doc. 117), and KONE's reply (doc. 118).[1] Upon consideration, and for the reasons set forth herein, the Motion (doc. 114) is GRANTED.

A. Background

Plaintiff Haralson filed his Second Amended Complaint against the United States, KONE, Inc., and HurtVet Subcontracting, LLC (doc. 32). Haralson alleged six "Causes of Action" - 1) Negligence, 2) Negligent Failure to Maintain the Premises, and 3) Negligent Failure to Warn, all three alleged specifically against the United States under the Federal Tort Claims Act; 4) Negligent Failure to Train and/or Supervise Agents, Servants and Employees, 5) Negligent Failure to Timely Remedy the Unsafe Condition, and 6) Negligence/Premises Liability, all three specifically alleged against KONE, HurtVet, and the United States, with the latter negligent under the FTCA (doc. 32). HurtVet was dismissed (doc. 88) and the action proceeded to the summary judgment stage against

---

[1] KONE's Motion to Strike the United States' Response (doc. 119) is DENIED.

KONE and the United States.

On February 12, 2021, the Court[2] entered an order granting in part and denying in part the motions for summary judgment filed by Defendants United States and KONE (doc. 107). In relevant part, the Court stated that the "United States and KONE seek summary judgment as to all counts" and noted that

> 2. The second amended complaint clearly names the United States as a defendant under all six counts. It expressly identifies KONE as a defendant only with respect to Counts Four, Five and Six. KONE, however, addresses Counts One and Two on their merits without objecting that it is not a defendant thereunder. (Doc. 98 at 2, 8-10; Doc. 105 at 2-4).

(Doc. 107, p. 2, n. 2).[3]

The Court found that summary judgment should be granted in favor of the United States and KONE as to Counts Two through Six but denied as to Count One (doc. 107, p. 9-21, p. 10, n. 7). As to the denial, and relevant to KONE's motion, the Court acknowledged that Haralson "advanced" a "similar negligence theory" as to KONE in his response to KONE's motion for summary judgment (Id., p. 21, citing doc. 103, p. 10, Haralson's response), meaning a "similar negligence theory" to that alleged against the United States in Count One (Id., p. 18-20). The Court stated as follows:

> The plaintiff advances a similar negligence theory against KONE. According to this theory, Busby behaved negligently by acquiescing in Kelley's plan to reset the elevator himself, with the plaintiff inside. (Doc. 103 at 10)
>
> KONE's brief and cryptic response describes the plaintiff's claim as one

---

[2] Senior District Judge William Steele entered the summary judgment order. The case was subsequently transferred to the undersigned.

[3] Haralson did not number his counts or claims in the Second Amended Complaint, but review of the document shows that there are six separate claims or counts (doc. 32). The Court and the parties have referred to them as Counts or Claims One through Six based on their order of occurrence in the document.

> based on "vicarious liability," that is, KONE's liability for the "intervening actions" of Kelley, an "independent actor." (Doc. 105 at 2-3). KONE, however, does not advance, much less support, any legal argument (for example, lack of duty) as to why such a claim is unsustainable; simply describing the claim as "novel" and challenging the plaintiff to present legal authority supporting it, (id. at 3), is insufficient to carry a movant's initial burden on motion for summary judgment.
>
> The only circumstance identified by KONE as arguing against the plaintiff's claim is that Busby, who was en route to the tower at the time, issued "warnings" to Kelley. (Doc. 105 at 3). KONE apparently refers to Busby's testimony that he told Kelley it would be "on you" were Kelley to reset the elevator. According to Kelley, however, Busby specifically told Kelley to reset the elevator, and the Court cannot on motion for summary judgment resolve that factual dispute in KONE's favor. Nor is it obvious that Busby's alleged comment rose to the level of a warning or that such a statement would satisfy as a matter of law any duty KONE may have owed the plaintiff under the circumstances.

(Doc. 107, p. 21).

B. <u>Motion to dismiss or clarify</u>

KONE now seeks dismissal from this action on basis that all claims alleged against it in the Second Amended Complaint – Counts Four, Five and Six – were dismissed in the summary judgment order (doc. 114, doc. 118). KONE disagrees with the Court's characterization of its motion as moving for summary judgment as to all counts. Instead, KONE states that it moved only as to Counts Four, Five and Six – the Counts wherein it was named as a defendant - and its motion was granted as to those Counts. KONE points out that the location of an apostrophe – "defendants' employees" as opposed to "defendant's employees" – and incorporations by reference of prior paragraphs, do not counter the fact that KONE was not named as a defendant in Count One. KONE argues that the Second Amended Complaint, as pled, did not give it notice that it was a defendant under Count One.

KONE also argues that Haralson improperly raised the factual allegations as to the conduct of KONE's employee – upon which the Court relied to deny summary judgment as to KONE as to

3

Count One - for the first time in his response to the motion for summary judgment. KONE argues that Haralson's advancing these facts and this theory of negligence at the summary judgment stage does not amend the Second Amended Complaint and make KONE a defendant as to Count One. Therefore, KONE should be dismissed.

Alternatively, KONE seeks clarification as to the claims still pending. KONE asserts that if Count One is pending as to KONE, it must be given notice of the claims and an opportunity to defend, since it conducted discovery and participated in this action on the understanding that Counts Four, Five and Six were the only counts pled against it.

The United States and Haralson both oppose KONE's motion. They argue that Haralson's use of the plural "defendants' employees'", as opposed to "defendant's", in Count One along with incorporating paragraph 10,[4] shows KONE is a defendant in Count One and gave KONE sufficient notice of the claims against it. The United States and Haralson also argue that KONE misapplied Eleventh Circuit case law when arguing that Haralson raised a new claim at the summary judgment stage. They assert that in Haralson's response, he simply alleged additional facts in support of his properly pled general negligence claim in Count One. The United States and Haralson assert that they considered Count One as pled against the United States and KONE and both rely upon the Court's statement in the order on summary judgment that KONE addressed Haralson's claim in

---

[4] In the "Parties" section of the Second Amended Complaint, KONE is identified as follows: "10. Defendant KONE, Inc. is sued for Mr. Haralson's personal injuries caused by the negligence or omissions of its employees when installing and/or servicing the elevator. These employees were acting within the scope of their office or employment." (doc. 32, p. 3).

Haralson also refers to Paragraph 6 (doc. 117, p. 8), but that paragraph contains a venue provision – "The acts or omissions giving rise to this claim occurred in the Southern District of Alabama." (doc. 32, p. 2).

Count One in KONE's motion for summary judgment without objecting that it was not a defendant. Haralson also asserts that Count Six remains pending for trial to the extent that it raises general negligence claims against KONE (*see infra*, Section D) (doc. 116, doc. 117).

Review of Count One shows that KONE was not named as a defendant. The use of the plural "defendants' employees'" in paragraph 17 immediately follows paragraph 16 which states that "The acts and omissions herein alleged constitute breaches of that duty of care with respect to Mr. Haralson by The United States of America's employees who were acting in their office or employment" (doc. 32, p. 4). The generic incorporation by reference of "the allegations of all preceding paragraphs as stated fully herein" (doc. 32, ¶ 14) is not sufficient to properly plead KONE as a defendant in Count One. The Court of Appeals for the Eleventh Circuit has explained that this sort of "shotgun" pleading makes difficult the process of determining which allegations of fact are intended to support the different causes of action or claims for relief, and consequently makes difficult determining what claims are alleged against the defendant. See Vujin v. Galbut, 836 Fed. Appx. 809, 815 (11th Cir. 2020) (identifying "four rough types of shotgun pleadings"). Haralson's explanation that paragraph 10 was incorporated into Count One in support of a negligence claim against KONE is of no consequence at this stage of the litigation.

Further, the fact that the Court construed KONE's motion for summary judgment as raising arguments as to all counts in the Second Amended Complaint and addressed those arguments in the order on summary judgment, does not amend the Second Amended Complaint to include KONE as a defendant in Count One. Miccosukee Tribe of Indians of Fla. v. United States, 716 F.3d 535, 559 (11th Cir. 2013) ("And it goes without saying that the court is barred from amending a plaintiff's claim. One reason for barring such amendment is that in *sua sponte* amending a plaintiff's claim on summary judgment, the court may create the impression that it has become the plaintiff's

5

advocate—or his worst enemy—depending on what the court does with the claim after amending it."). The Court simply addressed the arguments that it thought KONE had raised.

As to Haralson's factual allegations and claim of negligence raised against KONE in his response to the motion for summary judgment, the Court of Appeals for the Eleventh Circuit has made clear that a plaintiff cannot amend the complaint through an argument raised in "opposition to the defendant's motion for summary judgment." Monaghan v. Worldpay US Inc., 955 F. 3d 855 (11th Cir. 2020) (citation omitted).   Since all the causes of action or counts alleged against KONE – Counts Four, Five, and Six– have been dismissed on summary judgment, KONE is no longer a defendant in this action and is due to be dismissed.

C. Haralson's motion for leave to amend

Alternatively, Haralson moves pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to amend his Second Amended Complaint to name KONE as a defendant in Count One (doc. 117, p. 9). He argues that KONE would not be prejudiced by an amendment because it "has fully been involved in the claims made as asserted in this case on Summary Judgment" (Id.), but he would be extremely prejudiced if KONE is dismissed at this point.

Haralson's argument is based upon Fed. R. Civ. P. 15(a), the wrong rule of procedure. The Court's Rule 16(b) "scheduling order must limit the time to . . . amend the pleadings[.]" Fed. R. Civ. P. 16(b)(3)(A). If Haralson had moved before the deadline for motions for leave to amend the pleadings, Rule 15 would have been the proper rule of procedure. However, when the time limit has passed, Rule 16(b)(4) applies and the movant must demonstrate good cause for seeking leave to amend after the deadline. S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009); Fed. R. Civ. P. 16(b)(4) ("The schedule may be modified only for good cause and with the judge's consent."). The "good cause standard precludes modification unless the schedule cannot be

met despite the diligence of the party seeking the extension." Sosa v. Airprint Systems, Inc., 133 F.3d 1417, 1418 (11th Cir.1998) (citation and internal quotation marks omitted).  If Haralson was not diligent then the good cause inquiry should end. Id. (citation omitted). Since Haralson has made no showing under Rule 16(b)(4), his alternative motion is denied.

    D. Count Six

In his response, Haralson asserts that the "sole claim remaining for trial is [his] general negligence claims against the USA and KONE as set forth in Count One and potentially Six" (doc. 117, p. 6). To keep Count Six active for trial, Haralson seeks clarification that "summary judgment is denied to KONE as to Count Six" (Id., p. 7).

In support, Haralson divides Count Six, captioned "Negligence/Premises Liability", into two claims – one for premises liability against the United States alleged in paragraphs 35-38 and one for general negligence against KONE alleged in paragraphs 39-43 (doc. 117, p. 3).  Haralson then asserts as follows:

> Further, the Motion for Summary Judgment Order of this Court on page 15 states "both defendants are therefore entitled to Summary Judgment with respect to Count Two and USA is likewise entitled to Summary Judgment with respect to Count Six to the extent it is based on negligent failure to maintain the premises. (Order on Summary Judgment, Page 15). Further, on page 16 of the Court's Order, its states that "both defendants are therefore entitled to Summary Judgment with respect to Counts Three and Five and the USA is likewise entitled to Summary Judgment with respect to Count Six to the extent based on negligence failure to remedy/warn." (Order, Page 16).

(Doc. 117, p. 6). He then points out that

> … the Court's conclusion with granting Summary Judgment as to Count Six to both defendants appears to be in error based on the wording of the Order. The Prior language of the Order does not grant Summary Judgment as to Count Six as to *KONE and the Count Six claims as to KONE are general negligence claims*, therefore, plaintiff would respectfully request the Court to amend and clarify its

7

Order and show Summary Judgment is denied to KONE as to Count Six.

(Doc. 117, p. 6-7) (emphasis added).

KONE objects to Haralson's argument. Kone argues that Count Six contains only claims for premises liability. Since KONE was not the property owner, KONE asserts that the Court correctly granted summary judgment in its favor in footnote 7 (doc. 118, p. 6).

Review of Count Six shows that Haralson raised only a premises liability claim. Paragraphs 39-43 specifically allege claims based upon control of the premises or unsafe conditions on the premises. As to Count Six as pled against KONE, the Court noted, in relevant part, as follows:

> KONE correctly, and without dispute by the plaintiff, argues it cannot be held liable under principles of premises liability, because it is uncontroverted that KONE was not the property owner. (Doc. 98 at 7). KONE is thus entitled to summary judgment as to Count Six.

(Doc. 107, p. 10, n. 7). Since the Court granted summary judgment as to KONE in footnote 7, it did not need to address KONE again when ruling on the other Counts and Count Six as to the United States (doc. 107, p. 15-16). Since summary judgment has been granted as to KONE and the United States as to Count Six, that count is not pending for trial.

DONE and ORDERED this the 20th day of July 2021.

s/ Kristi K. DuBose<br>
KRISTI K. DuBOSE<br>
CHIEF UNITED STATES DISTRICT JUDGE